IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:20-CR-46-TAV-JEM |
| | ) | |
| AMBER J. WISE, | ) | |
| | ) | |
| Defendant, | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate.

The Grand Jury for the Eastern District of Tennessee returned a Superseding Indictment against Defendant Amber Wise and others [Doc. 44]. In the Indictment, Defendant Wise is charged with two counts: conspiracy to distribute one kilogram or more of heroin, 400 grams or more of fentanyl, and 100 grams or more of acetyl fentanyl, in violation of Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(A), and 846, and money laundering, in violation of Title 21, United States Code, Sections 1956(a)(1)(A)(i), 1956(a)(1)(B)(i), and 1956(h).

Now before the Court are the following motions filed by Defendant Wise:

1. Motion for Early Disclosure of Grand Jury Transcripts [Doc. 134]; and

2. Defendant's Motion for Pre-Trial Determination of Existence of a Conspiracy [Doc. 135].

The Government responded to each motion [Docs. 141 & 142], and Defendant Wise filed a reply to the motion for disclosure of grand jury transcripts [Doc. 144]. These matters are ripe for the

Court's consideration. For the reasons set forth below, the Court **DENIES** each of Defendant Wise's motions [**Docs. 134 & 135**].

I. MOTION FOR EARLY DISCLOSURE OF GRAND JURY TRANSCRIPTS [Doc. 134]

Pursuant to Rules 12(b) and 6(e)(3)(E)(i) of the Federal Rules of Criminal Procedure, Defendant Wise moves the Court for an order directing the Government to provide the transcripts of any grand jury witness providing testimony incriminating her [Doc. 134 p. 1]. In support of the motion, Defendant Wise acknowledges that grand jury proceedings normally remain secret [*Id.*]. But she submits that there is a compelling necessity for disclosure here [*Id.*]. Specifically, she points to "the dearth of documentary evidence in the Rule 16 discovery provided by the Government relating to [her] culpability in the drug conspiracy," which suggests to her that "the Government will rely heavily upon the trial testimony of alleged co-conspirators, both indicted and unindicted" [*Id.* at 2]. Defendant Wise believes that these witnesses will testify that she delivered drugs from Michigan to Knoxville on specific dates and at specific locations, and she asserts that she needs to investigate and substantiate any potential alibi witnesses, which could take weeks [*Id.* at 2–3]. She further submits that the codefendants in this case have entered into plea agreements with the Government, so there is no need to maintain the secrecy of the grand jury testimony [*Id.* at 3].

The Government characterizes Defendant Wise's motion as one requesting the early production of Jencks Act materials [Doc. 141 p. 1]. It asserts that the Sixth Circuit has specifically held that an order requiring the production of early Jencks Act material is inappropriate [*Id.* (citation omitted)]. Rather, it is within the prosecutor's discretion to disclose Jencks Act material earlier than required [*Id.*]. In this case, the Government submits that it will provide Jencks Act

2

materials the Friday before trial begins and that it has already provided some Jencks Act materials concerning a potential trial witness, who did not testify before the grand jury [*Id.* at 2].

The Court ordered Defendant Wise to file a reply brief [Doc. 143], and in that brief, she asserts that "[t]he Government misconstrued the Defendant's Rule 6(e) motion for grand jury transcripts as one for early disclosure of Jencks Act statements" [Doc. 144 p. 1]. According to Defendant Wise, grand jury transcripts are subject to pretrial disclosure if there is a "'compelling necessity,' the Jencks Act notwithstanding" [*Id.* at 2 (citations omitted)]. She claims a compelling necessity in this case for the reasons articulated in her motion [*Id.* at 2–3].

"The Jencks Act does not apply to a motion for pretrial disclosure of a grand jury transcript." *United States v. Short*, 671 F.2d 178, 186 (6th Cir. 1982) (citations omitted). Rather, a motion for pretrial disclosure of grand jury transcripts is governed by Rule 6(e). *Id.* Rule 6(e) provides that grand jury proceedings are subject to a general rule of secrecy and may not ordinarily be disclosed. But Rule 6(e)(3)(E)(i) provides an exception. Disclosure is permitted "preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). It is left to the district court's discretion on whether to require disclosure, and before ordering disclosure, a defendant must show a "compelling necessity" for breaking the "indispensable secrecy of grand jury proceedings." *United States v. Proctor & Gamble Co.*, 356 U.S. 677 (1958); *see also Short*, 671 F.2d at 183–84. A defendant may show this by demonstrating a "particularized need" for the disclosure. *Id.* "A general claim that disclosure would reveal exculpatory evidence is not sufficient to satisfy the requirement of a showing of a particularized need." *United States v. Faller*, No. 1:13CR-00029-JHM, 2014 WL 12691595, at *11 (W.D. Ky. May 29, 2014) (citing *Short*, 671 F.2d at 187).

3

While the Government did not address whether there is a compelling necessity here, Defendant essentially asserts the compelling necessity is trial preparation. "Courts have held that a defendant's description of his or her particularized need is weak when it focuses solely on the need for grand jury testimony to prepare for trial effectively." *Id.* (citing *United States v. Ferguson*, 844 F. Supp. 2d 810, 829 (E.D. Mich. 2012) (observing that trial preparation is not a "particularized need" and finding it "difficult to imagine what need could be more general than a need to prepare for trial")); *see also Proctor & Gamble Co.*, 356 U.S. at 678–84 (overruling district court's disclosure of grand jury materials for the purposes of trial preparation).

Further, Defendant cites *Dennis v. United States*, 384 U.S. 855 (1966), for the proposition that "[a] conspiracy case carries with it the inevitable risk of wrongful attribution of responsibility" [Doc. 134 pp. 2–3]. To the extent this is a basis for the relief requested, it is unclear whether any grand jury witnesses will testify at trial and there is, at this time, no reason to believe any such testimony would be unreliable. *See United States v. Johnson*, No., 2021 WL 5827050, at *1–2 (E.D. Mich. Dec. 8, 2021) (denying motion for early disclosure of grand jury transcripts for similar reasons). And in *Dennis*, "the motion for disclosure was made after the witnesses testified at trial, there was a gap of seven years between the grand jury testimony and the trial, the witnesses' testimony was largely uncorroborated, and one witness admitted that he had been mistaken about key dates." *Id.* at *1 (citing *Dennis*, 384 U.S. at 872–73). That is not the case here. The Court therefore finds that Defendant Wise has not met her burden for pretrial disclosure of grand jury testimony.

To the extent Defendant Wise's motion could be construed as a request for early disclosure of Jencks Act material, the Court finds the request not well-taken. Rule 16 requires the Government to disclose, upon a defendant's request, any oral or written statements of the

4

defendant, the defendant's prior record, any documents or tangible evidence within the government's possession, custody or control, reports of examinations or tests, and a summary of any expert witness testimony. Fed. R. Crim. P. 16(a). "The Jencks Act generally requires the government, on motion of a defendant, to produce statements in its possession of witnesses who testify at a trial." *Short*, 671 F.2d at 185. The Government is required to produce the statement only after the witness has testified on direct examination. 18 U.S.C. § 3500(a).

In *United States v. Presser*, the Sixth Circuit found that "so long as the defendant is given impeachment material, even exculpatory impeachment material, in time for use at trial," the defendant's constitutional rights are not violated. 844 F.2d 1275, 1283 (6th Cir. at 1988). Further, the Sixth Circuit detailed that the Supreme Court "has made it clear that while the *Brady* rule imposes a general obligation upon the government to disclose evidence that is favorable to the accused and material to guilt or punishment, the government typically is the sole judge of what evidence in its possession is subject to disclosure." *Id.* at 1281 (internal citations omitted). In this case, the Court's Order on Discovery and Scheduling provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), *United States v. Agurs*, 427 U.S. 97 (1976) (exculpatory evidence), and *United States v. Bagley*, 473 U.S. 667 (1985) (impeachment evidence). Timing of such disclosure is governed by *United States v. Presser*, 844 F.2d 1275 (6th Cir. 1988).

[Doc. 24 ¶ E].

In light of Sixth Circuit law and this Court's Order on Discovery and Scheduling, the Court will not compel pretrial discovery where the Government has already conceded that it is aware of its obligations and provided some early disclosure, and Defendant has failed to establish that any of these rules require disclosure of the requested material at this time, or earlier than proposed by

5

the Government. *See* 18 U.S.C. § 3500(a) ("[N]o statement or report in the possession of the United States which made by a Government witness or prospective Government witness . . . shall be the subject of subpoena, discovery, or inspection until said witness has testified on direct examination in the trial of the case."); *Presser*, 844 F.2d at 1281 ("'[T]he prosecutor is not required to deliver his entire file to defense counsel, but only to disclose evidence favorable to the accused that, if suppressed, would deprive the defendant of a fair trial.'" (quoting *United States v. Bagley*, 473 U.S. 667, 675 (1985))).

Accordingly, the Court will **DENY** the Motion for Early Disclosure of Grand Jury Transcripts [Doc. 134].

## II.  DEFENDANT'S MOTION FOR PRE-TRIAL DETERMINATION OF EXISTENCE OF A CONSPIRACY [Doc. 135]

Pursuant to *United States v. Vinson*, 606 F.2d 149 (6th Cir. 1979), Defendant Wise moves for a pretrial hearing to determine whether the Government can prove the existence of a conspiracy before any coconspirator statements are admitted in the Government's case-in-chief at trial [Doc. 135 p. 1]. Acknowledging the "historical practice" in this district, Defendant Wise submits that the provisional admission with a jury instruction "exposes the jury to potentially damaging inadmissible evidence, and carries the risk of a mistrial if the existence of a conspiracy is not later established" [*Id.* at 3]. She asks the Court to "reconsider its practice" because "[i]t is widely recognized that a pre-trial hearing on the existence of a conspiracy and admissibility of any 801(d)(2)(E) statements is preferrable to waiting for the Government's case-in-chief and the possibility of a mistrial" [*Id.* at 4].

In response, the Government acknowledges that it must show by a preponderance of the evidence that a conspiracy existed, that the defendant against whom the hearsay is offered was a member of the conspiracy, and that the hearsay statement was made in the course and in the

6

furtherance of the conspiracy [Doc. 142 p. 1]. It asserts, however, that the practice in this Court is to admit the hearsay statements subject to a later demonstration of their admissibility [*Id.* at 2]. This practice, according to the Government, has not resulted in adverse effects or unnecessary mistrials; avoids an unnecessary, burdensome, and time-consuming pretrial hearing; and prevents a defendant from circumventing the specific rules of pretrial discovery [*Id.* at 2–3].

Under the Federal Rules of Evidence, for a statement of a coconspirator to be admissible non-hearsay, the statement must be "made by the party's coconspirator during and in furtherance of the conspiracy." Fed. R. Evid. 801(d)(2)(E). The Sixth Circuit has approved three procedures for resolving the admissibility of alleged coconspirator statements: (1) holding a pretrial hearing, (2) requiring at trial that the government present evidence of the conspiracy before presenting the coconspirator's statement, and (3) allowing the government to present the statement before proving the conspiracy at trial but instructing the jury that the government must prove the conspiracy before it can consider the statement. *Vinson*, 606 F.2d at 152–53 (citing *United States v. Enright*, 579 F.2d 980 (6th Cir. 1978)).

Defendant Wise requests the first of these options, a pretrial hearing. The Court observes that it is the historical practice in the Eastern District to use the third of the three options, which the Court will refer to as the "provisional admission option." The Sixth Circuit has observed that pretrial hearings have the disadvantage of being "burdensome, time-consuming and uneconomic." *Id.* at 152 (footnote omitted). Nevertheless, "a trial judge, in the exercise of his discretion, may choose to order the proof in this manner if the circumstances warrant." *Id.* The decision of which of the three options to use falls squarely within the district judge's sound discretion. *United States v. Robinson*, 390 F.3d 853, 867 (6th Cir. 2004) (stating the decision is "the trial court's prerogative"). A change from the provisional admission option, historically

7

employed in the Eastern District, is not warranted when the proponents of the pretrial hearing offer only "general and vague objections" that "demonstrate no specific prejudice" resulting from the use of the provisional admission option. *United States v. Martin*, No. 3:07-CR-51, 2008 WL 152900, at *3 (E.D. Tenn. Jan. 14, 2008), *aff'd by*, 516 F. App'x 433 (6th Cir. 2013).

That is the case here, and the Court also observes that, following the filing of her motion, Defendant Wise filed a waiver of her right to a jury trial [Doc. 136-1]. Defendant's request for a bench trial obviates the concern that the jury will be tainted by an inadmissible coconspirator statement if the Government subsequently fails to prove the statement was made in furtherance of the conspiracy pursuant to Rule 801(d)(2)(E). Nonetheless, the Court has considered the Defendant's arguments and finds no reason to depart from the traditional provisional admission approach in this case. Defendant Wise has failed to demonstrate "specific prejudice" resulting from the use of the provisional admission option here. *See id.* Moreover, the Court observes that the Government will provide the Jencks Act materials, including the statements of any coconspirators testifying for the Government, the Friday before trial. This early disclosure of Jencks Act materials will give Defendant Wise an opportunity to raise the issue of the admissibility of coconspirator statements with the District Judge with greater specificity.

Accordingly, the Court **DENIES** Defendant's Motion for Pre-Trial Determination of Existence of a Conspiracy [**Doc. 135**].

### III. CONCLUSION

For the reasons set forth above, the Court **DENIES**:

1. the Motion for Early Disclosure of Grand Jury Transcripts [**Doc. 134**]; and

2. Defendant's Motion for Pre-Trial Determination of Existence of a Conspiracy [**Doc. 135**].

**IT IS SO ORDERED.**

ENTER:

Jill E. McCook
United States Magistrate Judge