UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:20-CR-46-TAV-JEM-2 |
| AMBER J. WISE, | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This criminal case is before the Court on defendant's Motion for Continued Release Pending Sentencing [Doc. 191]. Defendant seeks release pursuant to 18 U.S.C § 3145(c) in light of, among other factors, her compliance with the conditions of pretrial release and her caretaking responsibilities. The government has responded in opposition [Doc. 192]. Because defendant is subject to mandatory detention pursuant to § 3143(a)(2) and has failed to establish that exceptional reasons make her detention inappropriate, *see* § 3145(c), defendant's motion [Doc. 191] is **DENIED**.

**I.     Background**

The superseding indictment in this case charged defendant with conspiracy to distribute one kilogram or more of heroin, 400 grams or more of fentanyl, and 100 grams or more of acetyl fentanyl, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 44]. The superseding indictment also charged defendant with conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(h) [*Id.*]. After defendant was arrested,

she appeared before the magistrate judge for an initial appearance and arraignment on September 18, 2020 [Doc. 31] and was released on conditions [Doc. 34].

Defendant proceeded to trial in this case on June 12, 2023 [Doc. 181], and on June 15, 2023, the jury returned a verdict of guilty as to both counts against defendant in the superseding indictment [Doc. 186]. At the conclusion of trial, defendant made an oral motion to remain released pending sentencing [Doc. 184]. However, the Court ordered defendant to file a written motion setting forth the exceptional circumstances that allowed for her continued release [*Id.*]. Defendant was ordered to remain on bond pending an order from the Court [*Id.*].

Defendant's sentencing is currently scheduled for October 25, 2023. She requests to remain on release pending sentencing, citing to her compliance with all conditions of pretrial release for almost three years since her arrest in this case [Doc. 191, p. 1]. In addition, she cites to her caretaking responsibilities with regards to her three children and three grandchildren [*Id.* at 2]. The government opposes defendant's request, arguing that she has not shown that she is not a danger to the community or that exceptional circumstances exist such that release is appropriate in this case [Doc. 192, pp. 2–5].

**II.  Analysis**

The Bail Reform Act generally requires that "a person who has been found guilty of an offense described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained . . . ." 18 U.S.C. § 3143(a)(2). The offense described in subparagraph (C) of § 3142(f)(1) is "an offense for

which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act (21 U.S.C. 801 et seq.) . . . ." § 3142(f)(1)(C).

Here, a jury found defendant guilty of an offense which falls within the category of offenses described in subparagraph (C) of § 3142(f)(1). Specifically, as set forth above, defendant was found guilty of a violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A) [Doc. 186]. In light of the drug quantity involved in the offense to which defendant was found guilty, § 841(b)(1)(A) of the Controlled Substances Act subjects defendant to a mandatory minimum term of imprisonment of at least 10 years and up to life imprisonment, which far exceeds the maximum term of imprisonment—10 years—required to fall within the category of offenses described in subparagraph (C) of 18 U.S.C. § 3142(f)(1). Accordingly, defendant, who is currently awaiting imposition of sentence, has been found guilty of an offense described in § 3142(f)(1)(C). As a result, defendant is subject to the general rule requiring detention in § 3143(a)(2).

There is, however, an exception to this general rule. *See* § 3143(a)(2)(A)–(B). A defendant who is subject to detention under the general rule may be ordered released if two requirements are satisfied. First, there must be "a substantial likelihood that a motion for acquittal or new trial will be granted" or the government must have "recommended that no sentence of imprisonment be imposed on [defendant]." § 3143(a)(2)(A). And second, the Court must find "by clear and convincing evidence that [defendant] is not likely to flee or pose a danger to any other person or the community." § 3143(a)(2)(B).

This exception does not apply to defendant. With respect to the first requirement, because a jury found defendant guilty on both counts in the superseding indictment [Doc. 186], the likelihood that a motion for acquittal or new trial will be granted for this defendant is slight. In addition, the government has not indicated that it intends to recommend that no sentence of imprisonment be imposed on defendant. To the contrary, the government's opposition to the instant motion and the arguments set forth therein reveal that it does not intend to recommend that no sentence of imprisonment be imposed on defendant [*See* Doc. 192]. Thus, because defendant must meet both requirements under § 3143(a)(2) to be eligible for release, she is subject to mandatory detention.

However, a person subject to detention pursuant to § 3143(a)(2), and who meets the conditions of release set forth in § 3143(a)(1), "may be ordered released, under appropriate conditions, . . . if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." § 3145(c). The Sixth Circuit has found that § 3145 does not preclude a district court from making a determination of exceptional circumstances in support of release even though that provision appears at the close of a section on review and appeal. *See United States v. Christman*, 596 F.3d 870, 871 (6th Cir. 2010) (holding a district court erred in not considering whether a defendant had established exceptional reasons to support the defendant's request for release pending sentencing); *United States v. Cook*, 42 F. App'x 803, 804 (6th Cir. 2002) (stating that district courts are "not precluded from making a determination of exceptional circumstances in support of release"). Thus, to be entitled to the relief sought, defendant must make two showings:

4

(1) that she meets the conditions of release set forth in § 3143(a)(1) and (2) that exceptional circumstances make her detention inappropriate. § 3145(c).

First, the Court finds that defendant has demonstrated by clear and convincing evidence that she is not likely to flee or pose a danger to the safety of any other person or the community if released. *See* § 3143(a)(1). Defendant has been released on conditions since September 18, 2020 [Doc. 34]. During that time, defendant has complied with all conditions of release, including abiding by all directives of her supervising officers, testing negative for drugs, maintaining regular contact with her attorney, and not incurring any new criminal charges [Doc. 191, p. 1]. In addition, defendant self-reported to this Court on all four days of the trial that took place from June 12, 2023, to June 15, 2023 [*See* Docs. 181–184]. Moreover, defendant maintains that she has no assets, has lived most of her life in Detroit, Michigan, where all her immediate family resides, has no passport, and has six children under her care [Doc. 191, p. 4]. All this evidence demonstrates that defendant is not a flight risk.

Furthermore, the Court does not find that defendant poses a danger to the safety of any other person or the community. Prior to the instant case, defendant has no criminal history [*Id.*]. And as previously mentioned, she has complied with all conditions of release and has not incurred any new charges since her arrest in this case. For these same reasons, the Court disagrees with the government's argument that defendant is a danger to the community because she has been convicted of an offense requiring mandatory detention [Doc. 192, p. 2]. The purpose of § 3145(c) is to provide an exception to the mandatory

5

detention requirements of § 3143 when the requisite showing is made. Thus, being convicted of a mandatory detention crime alone is not enough to demonstrate that defendant is a danger.

However, despite finding that defendant is not likely to flee or pose a danger to the safety of any other person or the community, the Court does not find that defendant has demonstrated exceptional reasons why her detention would not be appropriate. *See* § 3145(c). The Sixth Circuit has not definitively ruled on what constitutes the sort of "exceptional reasons" that would justify release pending sentencing, nor does the statute itself define the parameters of an "exceptional reason." Courts appear to agree that circumstances must be "out of the ordinary," "uncommon," or "rare," and that the reasons should set the defendant apart from anyone else convicted of a similar crime or crimes. *United States v. Koon*, 6 F.3d 561, 563 (9th Cir. 1993) (Rymer, J., concurring). In each case, "the determination of whether 'exceptional reasons' have been clearly shown is quintessentially a fact-intensive inquiry requiring case by case analysis" and the district judge, therefore, has broad discretion in the factors the judge might consider when determining whether exceptional reasons for release exist. *Id.* at 564; *see United States v. Garcia*, 340 F.3d 1013, 1018 (9th Cir. 2003).

Here, defendant first argues that her case is exceptional because she has been "a model pretrial releasee" [Doc. 191, p. 5]. However, "[i]t is well settled that compliance with the terms of pretrial release is commendable but does not justify release under section 3145(c)." *United States v. Mahoney*, 627 F.3d 705, 706 (8th Cir. 2010); *see also United*

6

States v. Walden, No. 3:10–CR–110–7, 2011 WL 4476641, at *3 (E.D. Tenn. Sept. 26, 2011) ("[T]here is nothing unusual about a defendant who, after realizing he is facing serious criminal charges, decides to remain on his best behavior."). Thus, defendant's compliance with the conditions of release alone is not sufficient to support an exceptional circumstance for release.

Defendant also contends that her case is exceptional because she is the sole custodian of her three children and the primary caregiver of her three grandchildren [Doc. 191, pp. 5–6]. She states that she "only requests that she be allowed to remain on release for the four months pending sentencing to provide sufficient time for her to make living arrangements for her three children and to allow the children to adjust to the upcoming transition" [*Id.* at 6]. She explains that these children rely solely on her for their psychological and emotional support [*Id.*]. In particular, she states that her youngest daughter has been diagnosed with epilepsy, which requires special care from defendant [*Id.*]. Defendant maintains that if detained, the care and custody of her three grandchildren will have to be assumed by their parents [*Id.*]. In addition, she is concerned for her two minor children because their fathers, one of which is a co-defendant in this case, are not involved in their lives, and they will need time to adjust to the absence of both of their parents [*Id.*].

Defendant continues that there is no one else available to care for her children [*Id.* at 7]. She states that both of her parents are deceased, her sisters already have children of their own and lack financial support, and she has no contact with her brothers [*Id.*].

Defendant maintains that her only alternative is to secure housing for her 18-year-old daughter, who will assume caretaking responsibilities for defendant's two minor children [*Id.*]. However, in order to do so, defendant contends that her daughter will need help in setting up a lower-cost home, making future financial plans by obtaining government assistance, establishing legal guardianship of the minor children, and learning how to care for the youngest child with epilepsy [*Id.*]. Defendant maintains that unless she is able to help her daughter with these matters over the next few months, her two minor children will likely become wards of the state and be placed in foster care [*Id.*].

In support, defendant cites to a single case from outside this circuit in which the court granted the defendant release pending sentencing where he had performed exceptionally well on pretrial release, obtained employment that allowed him to regularly send money to his family, and requested a psychological evaluation and treatment prior to imprisonment. *United States v. Kaquatosh*, 252 F. Supp. 2d 775, 779–80 (E.D. Wis. 2003). However, as the government points out, this Court has already considered and rejected the reasoning in *Kaquatosh* under circumstances similar to the instant case [Doc. 192, pp. 4–5]. *See Walden*, 2011 WL 4476641.

In *Walden*, the defendant argued that exceptional reasons existed for his release because he was the sole custodian of his children, ages 12, 14, and college-age, and he had been caring for his co-defendant's two children during the pendency of the case. *Id.* at *2. He also explained why his children's mother and grandparents could not care for the children. *Id.* This Court found that while the defendant's difficulties in determining who

8

will care for his children were unfortunate, his circumstances were "not unusual or exceptional in this type of case or in other cases before this Court." *Id.* at *3.

Here, the Court recognizes that defendant has been caring for her three children and her three grandchildren during the pendency of this case. However, the total number of children defendant cares for, i.e., six children, is only one more than the defendant in *Walden* cared for. In addition, defendant has explained why there is no one else suitable, available, or willing to care for her children. However, defendant's argument presents circumstances almost identical to those argued and rejected in *Walden*. Thus, like the defendant in *Walden*, defendant's familial hardships do not make her case exceptional.

The Court further recognizes that defendant's youngest daughter has been diagnosed with epilepsy and requires special care. However, courts have rejected similar arguments that exceptional circumstances exist because the defendant cares for someone who has been diagnosed with a disorder or disease. *See United States v. Kudmani*, No. 3:13CR-00173, 2017 WL 2957941, at *4 (W.D. Ky. July 11, 2017) (declining to find exceptional circumstances where the defendant was the primary caregiver for his wife who had been diagnosed with dementia); *United States v. Lippold*, 175 F. Supp. 2d 537, 540–41 (S.D.N.Y. 2001) (declining to find exceptional circumstances where the defendant was the father of three young children, one of which was diagnosed with Bell's Palsy).

Thus, while the Court is sympathetic to defendant's situation, she has not demonstrated that her circumstances are "out of the ordinary," "uncommon," or "rare." *Koon*, 6 F.3d at 563; *see United States v. Burnett*, 76 F. Supp. 2d 846, 849 (E.D. Tenn.

9

Case 3:20-cr-00046-TAV-JEM   Document 194   Filed 07/14/23   Page 9 of 11   PageID #: 735

1999) ("Rather than personal family hardships being 'out of the ordinary,' 'uncommon' or 'rare' with defendants convicted of similar drug trafficking crimes, personal family hardships are very common and occur in a great number of cases before this court."); *see also Cook*, 42 F. App'x at 804 (holding that the district court did not err in finding "hardship to family" to not be an exceptional circumstance).

The Court further notes that defendant has cited no basis under Sixth Circuit law demonstrating that exceptional circumstances exist in this case. And in the one case defendant has cited, the court admitted that "[d]istrict courts considering requests under § 3145(c) have often rejected applications for release based on 'purely personal' circumstances, such as hardship to the defendant's family or employer, on the theory that such hardships are typical consequences of incarceration." *Kaquatosh*, 252 F. Supp. 2d at 777 (collecting cases).

In sum, the Court does not find that the evidence establishes exceptional reasons why defendant's detention pending sentencing would not be appropriate. Thus, even though defendant has satisfied the conditions of release set forth in 18 U.S.C. § 3143(a)(1), she remains ineligible for relief under § 3145(c).

While the Court does not find that defendant has demonstrated exceptional reasons to remain on release, the Court does find that defendant's circumstances are somewhat out of the ordinary. The Court makes this finding in light of the fact that defendant currently cares for six children, all of whom, in defendant's absence, will be forced to find different arrangements for their care and upbringing. In addition, after defendant goes into custody,

defendant's 18-year-old daughter will immediately become responsible for her two younger siblings (one of which suffers from epilepsy), without having previously established a home or financial support to do so. Thus, before being taken into custody, the Court finds that defendant is entitled to some additional time to make final arrangements for these children and assist her daughter. Accordingly, the Court will extend the time the defendant has to surrender for an additional period of thirty-one days beyond the date that this Memorandum Opinion and Order is entered.[1]

### III. Conclusion

Defendant is subject to detention pursuant to § 3143(a)(2). Because she has failed to establish exceptional reasons that make her detention inappropriate, she is not entitled to relief under § 3145(c). For these reasons, defendant's motion [Doc. 191] is hereby **DENIED** and defendant is **ORDERED** to **SURRENDER** to the United States Marshal for this district or the United States Marshal facility nearest her residence, **by 12:00 p.m., on Monday, August 14, 2023**.

ENTER:

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that through defendant's motion, the Court was made aware of the government's previous offer to allow defendant to remain on release for one additional month to take care of her family affairs [Doc. 191, p. 6 n.2]. The Court takes the government's offer into account in deciding to allow defendant to remain on release for a few weeks longer for finalizing her family affairs.